[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2005
THOMAS K. KAHN
CLERK

_____

Nos. 04-13492 & No. 04-13581
Non-Argument Calendar

_____

D. C. Docket No. 03-00218-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN PATRICK SZABO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(September 9, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before: ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

This appeal of Kevin Patrick Szabo regarding the imposition of his sentence is on remand from the Supreme Court of the United States for further consideration in the light of United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005).  See Szabo v. United States, —  U.S. — , 125 S. Ct. 1998 (2005).  We previously affirmed Szabo's sentence.  United States v. Szabo, Nos.  04-13492 & No. 04-13581 (11th Cir. Dec. 30, 2004).  After reconsideration, we vacate Szabo's sentence and remand this case to the district court for resentencing.

Szabo, a federal prisoner convicted on two counts of bank robbery, appealed the imposition of a sentencing enhancement under section 2B3.1(b)(2)(F) of the United States Sentencing Guidelines for making a threat of death.  Szabo argued, under Blakely v. Washington, 524 U.S. 296, 124 S. Ct. 2531 (2004), that the admissions he made in his plea agreements that during the robberies he had told the bank tellers "'I have a gun' (or words to that effect)" were insufficient to prove that he had made a threat of death.  Because Szabo's admissions were sufficient to support the enhancement and this Court had held that Blakely did not apply to the federal sentencing guidelines, we affirmed Szabo's sentence.

On remand, Szabo does not argue that his admissions were insufficient to support the sentencing enhancement for making a threat of death.  Szabo challenges only the imposition of his sentence under a mandatory guideline

system.  Because Szabo objected to his sentence on the grounds of Blakely, he properly preserved this objection.  See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).  We review Szabo's Booker objection, therefore, to determine if the error was harmless.  Id.  Statutory Booker error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect." Id. at 1292 (internal quotation marks and citation omitted).  The government bears the burden to show that the error was harmless.  Id.

The government has not established that the error did not affect Szabo's sentence or "had but very slight effect."  The sentence, therefore, is vacated and this case remanded to the district court for resentencing.

**VACATED AND REMANDED.**